IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS MACON DIVISION

KEIRON KENNETH HOLMES, :
:
              Plaintiff :
:
              VS. :
:
Officer LABOWICZ, *et al.*, :    NO. 3:12-CV-40-CAR-CHW
:
              Defendants :    **ORDER & RECOMMENDATION**

      Plaintiff **KEIRON KENNETH HOLMES**, currently an inmate at Treutlen Probation Detention Center, has filed this 42 U.S.C. § 1983 lawsuit (Doc. 1).  In compliance with this Court's prior Order (Doc. 13), Plaintiff has submitted a recast complaint (Doc. 14).

      This Court previously granted Plaintiff's request to proceed *in forma pauperis* (Doc. 6) and waived the initial partial filing fee (Doc. 13).  Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below.  The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the Treutlen Probation Detention Center.

*I. STANDARD OF REVIEW*

      Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff's claims relate to events that occurred while he was confined at Walton County Detention Center ("WCDC"). In his recast complaint, Plaintiff names eight WCDC employees as Defendants. He makes wide-ranging allegations of injuries and indignities suffered at the hands of the various Defendants. Specifically, Plaintiff alleges the following: (1) Sergeant Nevell displayed "hateful action" toward Plaintiff, verbally threatened Plaintiff by telling him that he was going to poison his food, and "pushed" Plaintiff out of the way in removing another inmate from the cell; (2) Mrs. Crawford and Officer Grabowscee gave Plaintiff's mail to the wrong person and told Plaintiff afterwards that he was lucky to be getting his mail; (3) Officer Odom hogtied Plaintiff with restraints that were so tight as to cause marks on Plaintiff's wrists and ankles, and then laughed and left Plaintiff when he complained about the pain; (4) Officer Labowicz jerked Plaintiff, who was then handcuffed, by the arm, "slammed" Plaintiff on the floor, Tasered Plaintiff, and refused Plaintiff's request to stop because he could smell his skin burning; (5) Nurse Diane, following "words" with Plaintiff, denied him medical treatment for a cut on his hand and left Plaintiff "bleeding like crazy" in isolation; and (6) Major Harris and Captain Etchison condoned the actions of the foregoing WCDC employees and "ordered some of it."

### III.  DISCUSSION

#### A.  *Dismissed Defendants*

##### *1.  Sergeant Nevell*

Plaintiff's allegations against Sergeant Nevell that he displayed "hateful action" and threatened Plaintiff do not rise to the level of a constitutional claim.  Derogatory or abusive remarks by correctional officers do not state a claim of deprivation of rights under section 1983.  ***Edwards v. Gilbert***, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) (verbal taunts directed at plaintiff do not violate his constitutional rights).  Plaintiff must "allege more than that he has been subjected to verbal taunts, ... [h]owever distressing, in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights."  *Id.* at 1274 n.1 (internal quotation marks and citation omitted).

The one instance in which Plaintiff does allege physical contact – when Sergeant Nevell pushed Plaintiff out of the way to remove another inmate from the cell – similarly does not amount to a constitutional violation.  Plaintiff does not allege that he suffered any injury in the incident.  "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."  ***Wilkins v. Gaddy***, ––– U.S. –––, 130 S.Ct. 1175, 1178 (2010).  The relevant inquiry is whether Nevell acted "maliciously and sadistically to cause harm," *id.*, and there is no suggestion that he did so.  Accordingly, it is **RECOMMENDED** that Sergeant Nevell be **DISMISSED** as a Defendant in this case.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN**

**FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### *2. Mrs. Crawford and Officer Grabowscee*

Plaintiff does not describe the types of letters which he claims Mrs. Crawford and Officer Grabowscee gave to other inmates nor has he alleged any injury with respect to this claim. In any event, Plaintiff's allegations suggest that these Defendants were merely negligent in the handling of Plaintiff's mail. Mere negligence on the part of prison officials does not establish a constitutional violation. ***Daniels v. Williams***, 474 U.S. 327, 333 (1986). Because Plaintiff has failed to allege a constitutional violation against Crawford and Grabowscee, it is **RECOMMENDED** that they be **DISMISSED WITHOUT PREJUDICE** as Defendants herein.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### *B. Remaining Defendants*

Construing the complaint liberally in favor of Plaintiff, the Court concludes that he has pleaded sufficient facts to state colorable claims against the remaining Defendants, Officer Odom, Officer Labowicz, Nurse Diane, Major Harris and Captain Etchison. In light of the foregoing, it is hereby **ORDERED** that service be made on these Defendants and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid

---

[1] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served

and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required

to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 9th day of October, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge