IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **KEIRON KENNETH HOLMES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 3:12-cv-40 (CAR) |
| v. | : | |
| | : | |
| **Officer LABOWICZ,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Plaintiff Keiron Kenneth Holmes filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has not diligently prosecuted his complaint by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is hereby **RECOMMENDED** that the above-styled case be **DISMISSED.**

The record establishes that Plaintiff has failed to comply with the orders of the Court regarding the prosecution of his claims. On October 9, 2012, the Court issued an order providing instructions to the parties in this case. Doc. 18. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Id. at 6. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that the failure to give prompt notice of any address change "may result in the dismissal of a party's pleadings filed herein." Id.

Plaintiff has failed to keep the Clerk of Court and all opposing parties advised of his current mailing address. On September 3, 2013, Defendants Harris, Etchison, Labowicz, Odom, Underwood, Walker, and Landers filed a motion to dismiss for want of prosecution. Doc. 66. In

the motion and the accompanying brief, Defendants informed the Court that they had attempted to serve Plaintiff with a copy their requests for admission at Plaintiff's last known mailing address at Coastal State Prison on or about July 18, 2013. Docs. 66, 67. On July 29, 2013, the requests for admission were returned to Defendants as undeliverable in an envelope marked "return to sender," "refused Coastal S.P.," and "not at C.S.P/unable to forward." Doc. 66 at 10.

Then, on September 4, 2013, the Court issued an order to show cause, directing Plaintiff to show cause as to why his case should not be dismissed for failure to prosecute on or before September 25, 2013. Doc. 69. On September 24, 2013, a copy of the order to show cause (Doc. 69) that had been mailed to Plaintiff's last known mailing address was returned to the Court as undeliverable in an envelope marked "released," "return to sender," "refused Coastal S.P.," and "not at C.S.P/unable to forward." Doc. 70.

Because Plaintiff has not diligently prosecuted his complaint by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Accordingly, it is **RECOMMENDED** that Defendants' Motion to Dismiss for Want of Prosecution (Doc. 66) be **GRANTED** and that this case be **DISMISSED** for failure to prosecute. Consistent with this recommendation, it is **FURTHER RECOMMENDED** that Defendant's previously filed Motion for Summary Judgment (Doc. 46) be **DISMISSED AS MOOT**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO ORDERED**, this 16th day of October, 2013.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge